(Court of Appeal, Parish of Orleans.)

# THE LOUIS GRUNEWALD COMPANY, LIMITED, vs. MISS GEORGIE EVANS.

1. When a plaintiff resides in a different parish from the defendant, the defendant may institute a demand in reconvention against him for any cause, and he may do so either by way of answer to the main demand, or by instituting a distinct and separate demand before the Court in which the main demand is pending.

2. In such case the orginal plaintiff shall be bound to answer without pleading to the jurisdiction, even if he has his domicile elsewhere.

3. In matters of jurisdiction, proof is admissible at any time irrespective of the pleadings, where such proof supplies a *hiatus*.

Appeal from the Civil District Court, Division "A."

Dinkelspiel, Hart & Davey, for plaintiff & appellant.

H. P. Sneed, for defendant and appellee.

DUFOUR, J.—This is a suit brought by the plaintiff on notes and on open account against the defendant who is declared in the petition to be a resident of the Parish of Tangipahoa.

An exception to the jurisdiction of the Court **ratione personae** was filed, and, at its trial, the plaintiff offered the record in the suit of **Evans vs. Grunewald, No. 97,-371.**

No objection was made to the offer on the ground of irrelevancy and it was referred to the merits and after hearing the Court sustained the plea to the jurisdiction.

The purpose of the offer in evidence of the record

was to show that the present plaintiff had the right to bring its claims before the Court as a separate action.

The law of the case is found in Articles 375 and 377 C. P. which substantially provide that when the plaintiff resides in a different parish from the defendant, the de fendant may substitute a demand in reconvention against him for any cause, and he may do so either by way of answer to the main demand, or by instituting a distinct and separate demand before the Court in which the main action is pending. In such case the original plaintiff should be bound to answer without pleading to the jurisdiction of the Court, even if he has his domicile elsewhere.

Availing itself of the permission of the Statute, the present plaintiff filed a distinct and separate demand before the Civil District Court for the Parish of Orleans in which the main action was pending.

The allegation that the suit was intended as a reconventional demand is neither sacremental nor necessary; the matter is one of proof at the trial of the exception. In matters of jurisdiction proof is admissible at any time, even by affidavit in the appellate Court where such proof supplies a hiatus. **3 Court of Appeal, 263.**

It is not the name given to a thing but the substance of it which is crucial, and we do not approve of a super technicality which, in the very teeth of the law, would deprive a party of a substantial right. **26 A., 387.**

We find nothing in the text of the law requiring, as a condition precedent to a distinct and separate demand, any allegation that the demand is one in reconvention.

Judgment reversed, exception overruled and case remanded for trial on the merits according to law.